# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TENNESSEE
## AT KNOXVILLE

| | |
|---|---|
| DIANE KLEMANN, | ] |
| Plaintiff, | ] |
| vs. | ] Case No: |
| CVS PHARMACY, INC., | ] JURY DEMAND |
| Defendant. | ] |

## COMPLAINT

Comes now the Plaintiff, Diane Klemann, by and through counsel and for cause of action will respectfully show to the Court as follows:

### JURISDICTION & VENUE

1. This action involves the application of the Americans with Disabilities Act, as Amended ("ADA"), 42 U.S.C. § 12101, *et seq.*.

2. This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1331.

3. The claims asserted in this action arose in Knox County, Knoxville, Tennessee; therefore, proper venue for this action lies within the Eastern District of Tennessee pursuant to 28 U.S.C. § 1391.

### ADMINISTRATIVE PREREQUISITE

4. Plaintiff has fulfilled all conditions precedent to the institution of this action under 42 U.S.C.A. § 2000e. A Notice of Right to Sue was issued on February 23, 2021, a true and correct copy of which is attached hereto as Exhibit A. Further, Defendant is a foreign corporation that employees more than fifteen employees.

## PARTIES

5. Plaintiff, Dianne Klemann (hereinafter "Plaintiff" or "Ms. Klemann") is an adult female individual and citizen of the United States who resides in Anderson, Lake City, Tennessee.

6. At all relevant times, Ms. Klemann was an employee of CVS Pharmacy, Inc. (hereinafter "Defendant" or "CVS"), within the meaning of the Americans with Disabilities Act, as amended ("ADA"), 42 U.S.C. § 12101, *et seq.*

7. Defendant is a foreign corporation or similar business entity and regularly conducts business at 2401 Cherahala Blvd, Knoxville, TN 37932.

8. At all relevant times, Defendant engaged in commerce or in an industry or activity affecting commerce and employed fifteen (15) or more employees for each working day during each of twenty (20) or more calendar workweeks in the current or preceding calendar year pursuant to 42 U.S.C. § 12101, the Americans with Disabilities Act.

## FACTUAL ALLEGATIONS

9. Ms. Klemann is an adult female individual with an actual and/or perceived disability.

10. Ms. Klemann suffers from Type 1 Diabetes Mellitus complicated by hypoglycemia unawareness.

11. In order to manage her diabetes, Ms. Klemann requires intermittent breaks throughout to the day to check her blood glucose, and if necessary, to eat in order to maintain safe glucose levels.

12. She also relies on service animal to alert her of dangerous blood glucose levels.

13. Ms. Klemann began working for CVS on or around June 1, 2018 as a Customer Care Representative I.

14. Ms. Klemann's primary duties involve handling inbound calls from customers, assess the customers' needs, and provide assistance or direct their call to the proper person who may be able to provide further assistance..

15. On or around November 21, 2018, Ms. Klemann made a formal request to CVS for accommodations that would allow her to manage her diabetes.

16. In this request, Ms. Klemann requested more frequent 10 to 15 minute breaks if necessary in order to check her blood glucose levels and, if necessary, to take medication.

17. She also requested the ability to keep food and drink at her desk or near her workstation in the event of a hypoglycemic episode.

18. Ms. Klemann also requested her lunch breaks to be scheduled not earlier than three and a half hours from the start of her shift but not greater than four hours after the start of her shift.

19. Without engaging in the interactive process, Defendant denied all of Ms. Klemann's requests.

20. The stated reason for denying her requests for reasonable accommodations wasthat she was not eligible for the Family and Medical Leave Act.

21. On January 1, 2019, Ms. Klemann again requested the above accommodations.

22. Defendant again denied her requests without engaging in the interactive process.

23. Defendant did not provide a reason for denying Ms. Klemann's renewed requests for accommodations.

24. On April 11, 2019, Ms. Klemann filed a Charge of Discrimination with the Equal Employment Opportunity Commission.

25. On April 22, 2019 Defendant approved Ms. Klemann's prior request for additional breaks and access to the office wellness room, but maintained their denial as to the remainder of her requests.

26. This accommodation was retroactively approved for the period of January 1, 2019 until June 1, 2019.

27. On May 9, 2019 Defendant requested clarification of why Ms. Klemann required intermittent breaks.

28. In May 2019, Ms. Klemann was offered the opportunity to move to a modified work from home schedule.

29. In August 2019, Ms. Klemann submitted an accommodation request for the use of a glucose monitoring service animal.

30. In response, Defendant asked Ms. Klemann to submit documents with the animal's vaccination records and training certification.

31. On August 30, 2019, Ms. Klemann provided vaccination records and explained the training the animal had received.

32. Defendant denied Ms. Klemann's request for a service animal.

33. A modified work from home schedule would still require Ms. Klemann to attend in-person office meetings at least once per quarter.

34. Defendant claims the opportunity to work from home was unrelated to any accommodation request.

35. Other employees, regardless of disability status, were also afforded the opportunity to work from home.

36. Ms. Klemann transitioned to working from home full-time on or around August 22, 2019.

37. Despite working from home, Ms. Klemann still required accommodations to manage her diabetes.

38. Ms. Klemann still required more frequent breaks in order to check her blood glucose and respond accordingly with food or medication.

39. Ms. Klemann submitted an accommodation request on June 2, 2019 in order to extend her approved accommodations that expired on June 1, 2019.

40. On July 10, 2019 Defendant approved Ms. Klemann's request for accommodation as to additional breaks..

41. On July 26, 2019 Defendant approved Ms. Klemann's accommodation request for access to the office wellness room for days she did not work from home.

42. Ms. Klemann's other accommodations, including the use of a service animal when she would be in the office, were denied.

43. Defendant requested documentation regarding Ms. Klemann's service animal on August 30, 2019.

44. Without documentation, Defendant would not approve this accommodation, stating that her documentation regarding the task the animal performs were insufficient.

45. Ms. Klemann provided Defendant with her service animal's vaccine and training information.

46. Throughout her employment, Ms. Klemann has consistently met performance criteria in all other categories.

47. However, she consistently received unsatisfactory performance reviews in the category of "schedule adherence".

48. Defendant knew any inconsistency in Ms. Klemann adherence to the schedule was due solely to the management of her diabetes.

49. Ms. Klemann is able to perform the essential functions of her job with a reasonable accommodation.

50. Ms. Klemann first became eligible for promotion within her department in February 2019.

51. Defendant awards promotions after reviews of an employee's personnel file.

52. For Customer Care Representatives, performance is evaluated based on call statistics which include, but are not limited to, customer satisfaction, time spent servicing a customer, and assistance rate.

53. Defendant sets minimum thresholds that Customer Care Representatives must meet in order to qualify for a promotion and associated raise.

54. Ms. Klemann has consistently met or exceed nearly all metrics.

55. The metrics Ms. Klemann has received low marks in are those that are directly related to her need for breaks to treat her diabetes.

56. Ms. Klemann has a higher call transfer volume because she must transfer calls to take medication or eat when her blood glucose levels are not in a healthy range.

57. Though Ms. Klemann has consistently met the minimum qualifications for promotion, she has consistently been denied timely promotions and associated pay increases.

### COUNT I – VIOLATIONS OF AMERICANS WITH DISABILTIES ACT (DISABILITY DISCRIMINATION, RETALIATION, FAILURE TO ENGAGE IN THE INTERACTIVE PROCESS, & FAILURE TO ACCOMMODATE)

58. Plaintiff re-alleges and incorporates herein the foregoing paragraphs.

59. Plaintiff was a qualified individual with a disability and/or perceived as an individual with a disability.

60. Plaintiff was disabled in that she had a physical impairment which substantially limited one or more major life activities and/or major bodily functions.

61. Defendant discriminated against Plaintiff on the basis of her disability in violation of the ADA, 42 U.S.C. § 12112, *et. seq*.

62. Plaintiff could perform the essential functions of her job with or without reasonable accommodation.

63. Defendant was aware of Plaintiff's disability.

64. Defendant failed to engage in the interactive process with Plaintiff.

65. Defendant failed to provide Plaintiff with reasonable accommodations.

66. As a direct and proximate result of Defendant's unlawful acts, Plaintiff suffered and continues to suffer emotional pain, suffering, professional and personal embarrassment, humiliation, loss of enjoyment of life, inconvenience and lost earnings and benefits.

67. As a result, Plaintiff is entitled to recover her damages, including lost wages and benefits, compensatory and punitive damages, attorneys' fees, costs, interest, reinstatement or front pay and benefits, and any other legal and equitable relief to which she may be entitled.

**WHEREFORE**, Plaintiff respectfully asks the Court:

(1) That a trial by jury be held on all triable issues;
(2) Judgement in favor of Plaintiff and against Defendant on all Counts in this action;
(3) Declaratory judgment that the practices complained of are unlawful and void, and injunctive relief prohibiting the Defendant from again violating the law in the manner described herein;
(4) Back pay, benefits, and other appropriate economic damages;

(5) Front pay;

(6) Compensatory damages for emotional distress, humiliation, and pain and suffering, and/or appropriate compensatory damages to the maximum allowed under the ADAAA.

(8) All reasonable attorney's fees, costs and expenses;

(9) Pre-judgment interest and , if applicable, post-judgment interest;

(10) Tax offset for the increased tax liability of the back pay award; and

(11) Such other legal or equitable relief as may be appropriate or to which she may be entitled.

**THE EMPLOYMENT & CONSUMER LAW GROUP**

**/s/ G. BRANDON HALL**
**G. BRANDON HALL, BPR No. 034027**
1720 West End Ave, Suite 402
Nashville, TN 37203
(615) 850-0632
bhall@eclaw.com

*Attorney for Plaintiff*